Date signed August 09, 2006



                                         PAUL MANNES
                                   U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | Case No. 02-10698PM |
|---|---|
| **Alan D. Horne and Gloria B. Horne,** <br><br> Debtors. | **Chapter 13** |
| **Alan D. Horne and Gloria B. Horne,** <br><br> Plaintiffs, <br><br> v. <br><br> **Dawn K. Nichols,** <br><br> Defendant. | AP No. 06-01349PM |

### MEMORANDUM OF DECISION

     This adversary proceeding was commenced by the filing of a Complaint to Avoid Illegal Deed Transfer By and Between Debtors and Defendant Pursuant to 11 U.S.C. § 549. The plaintiffs assert that they enlisted the assistance of Succession, Inc. to save their home from foreclosure; however, in the process, they were deceived into executing a deed to their real property in favor of the defendant. It is this transfer that the plaintiffs seek to avoid under 11 U.S.C. § 549.

     The defendant filed a motion for summary judgment and to dismiss the adversary proceeding asserting that the plaintiffs do not have standing to bring an action under 11 U.S.C. § 549 and that the action is barred by the equitable doctrine of laches. In explanation of the transaction, the defendant alleges that in order to assist the plaintiffs in avoiding the forced sale of their home, the real property was sold to the defendant, who then leased back the premises to the

plaintiffs.  The defendant asserts that she did not have notice of the bankruptcy case and paid consideration for the real property.

The plaintiffs advised the court that the Chapter 13 Trustee would be moving to intervene in this action.  However, during the August 8, 2006, hearing the court was told that the Chapter 13 Trustee decided not to make such motion.

A time line of the events is significant.  The plaintiffs filed their bankruptcy case on January 18, 2002.  On July 10, 2002, a Consent Order Modifying Relief from Stay as to the real property located at 1100 Cannon Road, Fort Washington, Maryland 20744, was entered between the plaintiffs and a secured lender, Chase Manhattan Mortgage Corporation.  On February 24, 2004, Chase Manhattan Mortgage Corporation filed an Affidavit of Default as to the agreement reached by consent and, on March 17, 2004, filed a Notice of Intent to Foreclose.  The records of the Maryland Department of Assessments and Taxation reflect that the a deed to the defendant was recorded on November 19, 2004, for the sum of $213,000.00.  Two years later, on March 2, 2006, the Chapter 13 Trustee filed a Notice of Plan Completion and, on March 7, 2006, the plaintiffs were granted a discharge.  This adversary proceeding was commenced on April 5, 2006.

At the hearing on the defendant's motion, the plaintiffs requested that this court continue this matter to allow the filing of an amended complaint so as to address the issue of standing under 11 U.S.C. § 549 and to add counts under 18 U.S.C. § 1962 and 11 U.S.C. § 362(h).

The court recognizes that there is a difference of opinion among courts as to whether or not a chapter 13 debtor has standing to file an adversary proceeding pursuant to 11 U.S.C. § 549(a)(1).  However, the court will not decide this issue.  This chapter 13 case has run its course in this court.  The Chapter 13 Plan is fully consummated and the Chapter 13 Trustee has filed her report.  The case is ready for closure, as the purposes of chapter 13 have been served.  In any event, under 28 U.S.C. § 1334(b), the state courts share jurisdiction with this court over the issues raised by the plaintiffs.

The court will enter an order granting the defendant's motion to dismiss without prejudice to any further action in state court, deny the plaintiffs' motion for a continuance as moot and provide for the closure of the chapter 13 case.

Alan D. Horne and Gloria B. Horne
1100 Old Cannon Road
Ft. Washington, MD 20744

John Douglas Burns
6303 Ivy Lane, Ste. 102
Greenbelt, MD 20770

Dawn K. Nichols
1245 E Street NE
Washington, DC 20002

Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Ave.
Suite 760
Bethesda, MD 20814

**End of Memorandum Decision**